AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| DEXTER BAKER | ) | Case Number: 1:14-CR-109 |
| | ) | USM Number: 72668-061 |
| | ) | Karen Savir, Esq. |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  Three of the Indictment

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 2252(a)(4) & (b)(2) | Possession of Child Pornography | | Three |

The defendant is sentenced as provided in pages 2 through __8__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)  One and Two  ☐ is  ☑ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

7/7/2015
Date of Imposition of Judgment

_Signature of Judge_

Sandra S. Beckwith        Senior Judge
Name and Title of Judge

7/7/2015
Date

DEFENDANT: DEXTER BAKER
CASE NUMBER: 1:14-CR-109

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
**SEVENTY-TWO (72) MONTHS**

☑ The court makes the following recommendations to the Bureau of Prisons:

The Defendant should be permitted to serve his sentence at Petersburg FCC or alternatively at an appropriate institution as close as possible to Cincinnati, Ohio.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____.
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____.
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
a _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of 8

DEFENDANT: DEXTER BAKER
CASE NUMBER: 1:14-CR-109

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
THIRTY (30) YEARS

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☒ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☒ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Judgment—Page 4 of 8

DEFENDANT: DEXTER BAKER
CASE NUMBER: 1:14-CR-109

## ADDITIONAL SUPERVISED RELEASE TERMS

1. Pursuant to 42 U.S.C. § 16913(a), the Defendant shall register, and keep the registration current, in each jurisdiction where the defendant resides, where he is an employee, and where he is a student. For initial registration purposes only, the Defendant shall also register in the jurisdiction where convicted, if such jurisdiction is different from the jurisdiction of residence. If the state of residence is not accepting sex offender registrations pursuant to SORNA and unable to accept the Defendant's registration, he must maintain contact with state registration authorities and his probation officer to determine when such registration can be accepted. The duty to register may continue after the expiration or termination of the Defendant's federal supervised release and any existing duty to register under state law is not suspended and will remain in effect until the state implements SORNA of 2006. If the Defendant's supervision transfers to another federal district, the Defendant's duty to register as required by SORNA shall be governed by that district's policy and the laws of that state.

2. Due to the Defendant's addiction to pornography (PSR ¶ 93), and to prevent against recidivism, the Defendant shall not view or possess sexually explicit material as defined by 18 U.S.C. §§ 2256(2)(A) & (B).

3. The Defendant shall participate in a sex offender treatment program, to include a sex offender risk assessment, psychosexual evaluation and/or other evaluation as needed. The Defendant shall also be subject to periodic polygraph examinations at the discretion and direction of the probation officer and at the Defendant's expense. The Defendant shall follow the rules and regulations of the sex offender treatment program as implemented by the probation office. The Defendant shall sign all necessary forms to release confidential information so that treatment providers, probation officers, polygraph examiners and others, as necessary, may communicate openly about the Defendant and his relapse prevention plan.

4. The Defendant's residence and employment shall be pre-approved by the probation officer in accordance with state and local law.

5. The Defendant shall have no unsupervised contact with any minor children unless such contact is approved in advance by the Court. The term "contact" extends to all forms of communication, including mail, telephone, and all forms of electronic communication. This provision does not encompass persons under the age of 18 such as ticket vendors, cashiers, waiters, etc., with whom the Defendant must deal in order to obtain ordinary and usual commercial services. The Defendant is prohibited from loitering in areas where minors congregate, such as playgrounds, amusement parks, arcades, recreation parks, swimming pools, etc.

6. If computer activity is approved by the probation officer, the Defendant is required to install software to monitor computer activities on any computer he is authorized to use at his own expense. The software may record any and all activity on the Defendant's computer, including the capturing of keystrokes, application information, internet use history, email correspondence and chat conversation. The software will be checked on a random basis. The Defendant has no expectation of privacy regarding computer use or information stored on the computer if monitoring software is installed. The Defendant shall understand and agree that information gathered by monitoring software may be used against him in subsequent court actions regarding the Defendant's use of the computer and the terms of supervision. The Defendant must warn others of the existence of the software program. The Defendant is prohibited from removing, or attempting to remove, tampering or attempting to tamper, altering or attempting to alter, circumventing or attempting to circumvent, in any way the monitoring software program. The Defendant must comply with the rules set forth in the computer monitoring participation agreement.

7. The Defendant shall consent to a search of any media device to which he has access or control based on a reasonable suspicion of possession of contraband or a violation of a condition of supervised release. A media device is defined but not limited to a device capable of internet access, storing images, text or other forms of electronic communication.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 3B — Supervised Release

Judgment—Page 5 of 8

DEFENDANT: DEXTER BAKER
CASE NUMBER: 1:14-CR-109

# ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

PAGE INTENTIONALLY LEFT BLANK

DEFENDANT: DEXTER BAKER
CASE NUMBER: 1:14-CR-109

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| TOTALS | $ 0.00 | $ 0.00 |  |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: DEXTER BAKER
CASE NUMBER: 1:14-CR-109

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ 100.00 due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance  ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☑ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

**While incarcerated in the Bureau of Prisons, the Defendant shall pay at least $25.00 per quarter toward the assessment if assigned a non-UNICOR or grade 5 UNICOR job; or at least 50% of his monthly pay if assigned a UNICOR grade 1-4 job. Within thirty days of the commencement of supervised release, the Defendant shall pay the assessment at a rate of at least $10 per month. The Court will reassess the Defendant's ability to pay from time to time upon the probation officer's recommendation or the Defendant's petition for review of his ability to pay.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
    **SEE BELOW**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: DEXTER BAKER
CASE NUMBER: 1:14-CR-109

# ADDITIONAL FORFEITED PROPERTY

1. HP 2000 laptop computer, Serial Number 5CG3462TRP;

2. Toshiba 320 GB hard drive, Serial Number X3Q3S3MESWT3HDKCB07H0A0;

3. Maxtor Diamond Max 21 500 GB Hard Drive, Serial Number 6QG0ZDSE;

4. All additional items seized, including, but not limited to: all storage media (micro SD cards, 8mm video tapes, Zip drives, CDs, mini CDs, CDRs, DVDs, mini DVDs, floppy disks, VHS tapes, and cassette tapes), documents, packages and photographs; and

5. All pornographic material, whether depicting adults or minors or both, and all photographs which depict minors, other than photographs of clothed minor members of the defendant's family.

AO 245B (Rev. 09/13) Judgment in a Criminal Case
Sheet 6B — Schedule of Payments

Case: 1:14-cr-00109-SSB Doc #: 27 Filed: 07/07/15 Page: 8 of 8 PAGEID #: 71

Judgment—Page __8__ of __8__